# United States Court of Appeals
## For the First Circuit

No. 04-1633

LISANDRA LÓPEZ-GONZÁLEZ; JUSTINA RUÍZ-ROSA; LYDIA M. COLÓN-LÓPEZ;
MARIA A. CARRUCINI-REYES; MIRTHELINA RODRÍGUEZ-FERRER; AWILDA
RODRÍGUEZ-HERNÁNDEZ; ELBA D. RIVERA-CRUZ; MARTA E. RESTO-RIVERA;
EDNA L. HERNÁNDEZ-DEL-VALLE; CARMEN T. RIVERA-ROMÁN; JORGE A.
ROSADO-SANTIAGO,

Plaintiffs, Appellants,

v.

MUNICIPALITY OF COMERÍO; JOSÉ A. SANTIAGO-RIVERA, in his personal
and official capacity; JUAN L. FONTÁNEZ, in his personal and
official capacity; LUZ HAYDEE SANTOS, in her personal and
official capacity; ANTONIO SANTOS, in his personal and official
capacity,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

Francisco R. Gonzalez for appellants.
Alicia M. Arana-Rivera, with whom Charlotten & Arana-Rivera,
P.S.C., and Jorge Martinez-Luciano, Civil Rights Legal Task Force,
Puerto Rico Department of Justice, were on brief for appellees.

April 21, 2005

**CAMPBELL**, <u>Senior Circuit Judge</u>.  Plaintiffs-Appellants appeal from an order of the United States District Court for the District of Puerto Rico dismissing as time-barred their § 1983 action.  That action was a refiling of their prior identical action that had been involuntarily dismissed without prejudice as a sanction for plaintiffs' repeated failure to abide by the court's orders to proceed with various types of discovery.  Plaintiffs insist that the dismissal of their action triggered the re-running of Puerto Rico's one-year statute of limitations, allowing them up to a year to refile the present action.  The district court held otherwise, ruling that as the dismissal was for plaintiffs' disobedience of the court's orders to proceed, Puerto Rico's usual "restart" tolling rule would inappropriately reward them and should not be applied.  We affirm the district court, ruling that even if, under Puerto Rico law, Puerto Rico's restart tolling principle was applicable, its use in this situation would violate federal policy underlying 42 U.S.C. § 1983.

## I.  Background

On January 10, 2002, plaintiffs, terminated public employees, filed an action against the Municipality of Comerío, its mayor, and several municipal officials in the federal district court in Puerto Rico, raising claims pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Ruíz-Rosa</u> v. <u>Santiago-Rivera</u>, Civ. No. 02-1034 (JP) (D.P.R.).  The complaint alleged that the individual plaintiffs were

discharged in violation of the United States Constitution for politically discriminatory reasons at various times from January 12, 2001 to June 30, 2001. During the litigation, notwithstanding numerous extensions, the plaintiffs repeatedly failed to comply with the court's discovery and related orders, providing the court with no explanation for their refusal to obey its orders. Among other things, plaintiffs failed to explain the legal theory of each plaintiff's case, which the judge stated "should have been filed with the complaint." As a result of plaintiffs' misconduct, defendants lacked the information necessary to file a motion to dismiss on qualified immunity grounds.

On January 15, 2003, in response to defendants' motion to dismiss, the district court dismissed the case without prejudice. At the end of its order, the court stated that it was dismissing as a sanction for plaintiffs' repeated failure to abide by its orders:

> The Court must make it clear that it is not a parking lot for stagnant cases. . . . It is evident that with their non-compliance, Plaintiffs have not only hindered Defendants' handling of this case, but also hindered the Court's carefully laid timetable for this case. The Court must mention that it currently has some 15 cases of this nature on its docket, with a total of almost 500 plaintiffs. It cannot be delaying its crowded docket and timetable with something as basic as a legal theory and answers to interrogatories without a suitable explanation.
>
> * * *
>
> The Court agrees with Defendants, and for Plaintiffs' repeated failure to abide by this Court's Orders, hereby GRANTS Defendants' motion to dismiss, and DISMISSES this case, without prejudice.

-3-

The plaintiffs did not appeal from or otherwise contest the court's grounds or its order.

On December 18, 2003, nearly one year later and approaching three years from the alleged political firings, plaintiffs filed the instant § 1983 action which, the parties agree, is identical to the previous one.[1] No explanation of the theory of each plaintiff's case was provided. Defendants responded by moving to dismiss the new action as time-barred, citing the applicable one-year statute of limitations, Article 1868(2) of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5298(2). In opposition, plaintiffs denied that the new action was time-barred. They contended, instead, that the bringing of the original action had tolled the running of the statute of limitations, and that under Puerto Rico's tolling rules the subsequent dismissal of that action without prejudice caused the one-year statute to run anew from the date of dismissal, providing plaintiffs with an additional year within which to refile their complaint. As plaintiffs brought the present action within eleven months following the dismissal, they insisted that it was timely filed.

The district judge, who was not the same judge who had dismissed the previous action, rejected plaintiffs' tolling argument. He noted that the previous action had been dismissed for

---

[1]Several of the plaintiffs in the original action did not, however, join in the current action.

-4-

plaintiffs' repeated failure to abide by the court's orders.  See López-González v. Santiago-Rivera, 220 F.R.D. 386, 386-87 (D.P.R. 2004).  The judge concluded that to "permit plaintiffs to benefit from their own misconduct by awarding them a new 1-year term to toll the statute of limitations and thus grant them the unwarranted option of re-instituting their dismissed suit . . . would be tantamount to stripping the district court of its sanctioning power over litigants who choose to blatantly disregard court orders and manipulate court proceedings for their own benefit."  Id. at 387. Allowing the new one-year term would also unfairly prejudice the defendants who had diligently defended the original suit.  Id.  The district court, therefore, dismissed the current action, concluding that "the involuntary dismissal of plaintiffs' previous action, albeit 'without prejudice' did not toll the applicable statute of limitations and the instant action, filed eleven months later, must be DISMISSED as time-barred."  Id. at 388.  This appeal followed.

## II.  Discussion

We review de novo a district court's order granting a Rule 12(b)(6) motion based on statute of limitations grounds. TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).

A section 1983 action borrows the forum state's statute of limitations for personal injury claims.  See Wilson v. Garcia, 471 U.S. 261, 269 (1985); Carreras-Rosa v. Alves-Cruz, 127 F.3d

172, 174 (1st Cir. 1997). Here, as the parties agree, the applicable statute is Puerto Rico's one-year limitations for tort actions, Article 1868(2) of the Civil Code, 31 P.R. Laws Ann. § 5298(2) (2002). Carreras-Rosa, 127 F.3d at 174; see infra note 3. Federal law determines the date of accrual. Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). Under federal law, the limitations period began to run when each employee received his or her notice of the termination decision. See Chardon v. Fernandez, 454 U.S. 6, 8 (1981). The complaint indicates that the plaintiffs received knowledge of the challenged personnel actions at least by sometime during the period from January 12, 2001 to June 30, 2001.[2] Putting aside any issue of tolling, therefore, the plaintiffs were required to file their federal complaints within a year from the 2001 dates on which each received notice of termination.

Plaintiffs did, in fact, file the original action shortly before expiration of the one-year period. The first issue is whether, under Puerto Rican law, the involuntary dismissal of the original action, a dismissal stated to be without prejudice but expressly imposed as a sanction for non-compliance with court

---

[2]From the complaint, it appears that six of the eleven plaintiffs received notice that their employment was being terminated in January 2001. Of the remaining plaintiffs, one plaintiff was terminated on March 30, 2001, three were terminated on June 30, 2001, and the termination date of one plaintiff's employment is not stated.

orders, tolled the statute of limitations so as to cause it to run anew for one year from January 15, 2003, the date of dismissal, making timely plaintiffs' December 18, 2003, filing of the current action.

Federal law under § 1983 borrows a state's coordinate rules on tolling unless they are inconsistent with the federal Constitution and law, or with the federal policy underlying § 1983. Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980); Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004); Fernandez v. Chardon, 681 F.2d 42, 49-50 (1st Cir. 1982).[3] Under Puerto Rico tolling rules, which are based on the Spanish civil law, the institution of an action in court is commonly held not only to interrupt the running of the applicable statute of limitations but, at least in the event of a voluntary or usual non-prejudicial dismissal of the original action, to cause the entire limitations period to run anew from the date the previous action came to a definite end. Wiscovich v. Weber Dental Mfg. Co., 835 F.2d 409, 410 (1st Cir. 1987) (reporting Supreme Court of Puerto Rico's reply to certified question); see also Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990)

---

[3]While Puerto Rico is not a state, our court has treated Puerto Rico as if it were a state for purposes of application of this rule. See, e.g., Rodríguez-García, 354 F.3d at 97. Neither party contends otherwise.

(collecting cases); Wiscovich v. Weber Dental Mfg. Co., 19 P.R. Offic. Trans. 592, 119 D.P.R. 550 (1987).

Here, the original complaint was timely filed on January 10, 2002, leaving approximately three days to about five months (depending on the date of accrual for each individual plaintiff) before the one-year statute would have expired. Thereafter, the action was involuntarily dismissed by the court without prejudice explicitly as a sanction for plaintiffs' repeated failure to abide by the court's orders. The instant action was filed eleven months after the dismissal of the original action. Thus, unless, as plaintiffs contend, the entire one-year limitations period was renewed by the dismissal order, the instant action is time-barred.

In contending that under Puerto Rico law the bringing of their original complaint followed by its dismissal without prejudice renewed the one-year prescriptive period as of the dismissal date, plaintiffs rely upon Puerto Rico's restart tolling principle already mentioned. Defendants reply that in none of the cited Puerto Rico cases invoking that principle was the initial action dismissed as a disciplinary measure to sanction plaintiffs' failure to proceed in conformity with the court's orders. For example, Moa v. Commonwealth, 100 P.R.R. 573 (1972), cited by plaintiffs, involved merely an amendment to the complaint (to clarify that the minor plaintiff's father was seeking damages for his own pain and suffering) made on the first day of trial.

Defendants there argued that the amendment was time-barred, but the Court found that the initial complaint tolled the statute of limitations.  Id. at 579.  In Feliciano v. P.R. Aqueduct & Sewer Auth., 93 P.R.R. 638 (1966), also cited by plaintiffs, the Court merely held that the filing of a complaint for damages tolled the statute of limitations, even though the complaint was not served within the prescriptive period.  Id. at 643.

Other cases emphasized by plaintiffs similarly do not specifically relate to involuntary dismissals imposed as sanctions.[4]  See García Aponte v. Commonwealth of P.R., 135 D.P.R. 137, 1994 P.R.-Eng. 909243 (1994) (tolling produced by voluntary dismissal); Durán Cepeda v. Morales Lebrón, 12 P.R. Offic. Trans. 777, 112 D.P.R. 623 (1982) (tolling in the context of previous dismissals for lack of jurisdiction and venue); Barrientos v. Gov. of the Capital, 97 P.R.R. 539 (1969) (initial complaint tolled statute of limitations such that a later amendment of the complaint to join an indispensable party was timely).

The issue before us, therefore, is whether in the present circumstances, where a dismissal without prejudice was imposed

---

[4]Martínez v. Sociedad de Gananciales, 145 D.P.R. 93 (1998) likewise fails to relate to a dismissal for misconduct, and we further note that plaintiffs have not provided a translation of Martínez as required under this Court's Local Rule 30(d).  Thus, the case may not be used in support of their position.  See Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 50 n.4 (1st Cir. 2000) (finding waiver of arguments stemming from an untranslated Puerto Rico Supreme Court opinion).

specifically as a sanction for repeated disobedience of the court's orders, Puerto Rico would apply the same tolling rule applied in more conventional cases. Puerto Rico's tolling rules are products of the civil law. No Puerto Rican or other civil law precedent or commentary has been called to our attention dealing with this precise situation. We cannot, without such guidance, confidently predict how the Puerto Rico courts would resolve this case. <u>See</u> <u>Wiscovich</u>, 19 P.R. Offic. Trans. at 602; <u>Durán Cepeda</u>, 12 P.R. Offic. Trans. at 779-82.

There is, however, a relevant aspect of contemporary Puerto Rico law that should be noted. Rule 39.2 of the Puerto Rico Rules of Civil Procedure, like Fed. R. Civ. P. 41(b), governs involuntary dismissals imposed as sanctions for failure to comply with court orders. Both the federal rule, which governs here, and Puerto Rico's similar rule, not only authorize courts to dismiss an action for a plaintiff's failure to comply with court orders,[5] but also provide that dismissals for non-compliance with court orders will operate as an adjudication upon the merits unless the court

---

[5]<u>Compare</u> Fed. R. Civ. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."), <u>with</u> 32 P.R. Laws Ann. App. III, R. 39.2(a) (2001) ("Where the plaintiff fails to comply with these rules or with any order of the court, the court, on its own motion or on motion of a defendant, may dismiss an action or any claim against him.").

otherwise specifies.[6] Thus, had the district court dismissed the first action without labeling the dismissal as being "without prejudice," the action would have been automatically terminated as an adjudication upon the merits.

Here, the court "otherwise specified" by declaring the dismissal to be "without prejudice." A dismissal without prejudice, as opposed to an adjudication upon the merits, "is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). Thus, the district judge, by dismissing without prejudice, permitted plaintiffs to continue with their lawsuit. Defendants argue that this is all very well -- the "without prejudice" language avoided res judicata and allowed the litigation to continue. But, say defendants, this in no way necessarily indicates that the full statute of limitations should be allowed to rerun, given the fact that the dismissal was explicitly for repeated failure to abide by the court's orders -- serious misconduct that enabled plaintiffs to stop the case dead in its tracks in spite of defendants' diligence. Allowing plaintiffs another full year to delay in such

---

[6]"Unless the court in its order for dismissal otherwise specifies," a dismissal under Rule 41(b) "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). A dismissal under the Puerto Rico rule similarly "operates as an adjudication upon the merits," "[u]nless the court in its order for dismissal otherwise specifies." 32 P.R. Laws Ann. App. III, R. 39.2(c).

circumstances would simply reward and exacerbate rather than counteract their earlier, abusive foot-dragging.

In analogous circumstances, our court has held that an involuntary dismissal made without prejudice but as a sanction does not toll the statute of limitations under common law and equitable principles. See Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 58-59 (1st Cir. 1998) (dismissal without prejudice for failure to prosecute did not toll 90-day filing period for action under the Americans with Disabilities Act); Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica De P.R., 833 F.2d 10, 11 (1st Cir. 1987) (dismissal of action under the Labor Management Relations Act "without prejudice" as a sanction for employer's failure to comply with discovery order did not toll the statute of limitations).

We cannot say for sure whether similar considerations would lead a Puerto Rico court to make an exception in this case to its civil law restart tolling principle. Neither the district court nor the parties have pointed to a specific, material exception in the civil law. However, in Durán Cepeda v. Morales Lebrón, Chief Justice José Trias Monge mentions a footnote to a civil law commentary "[f]or cases where the [tolling] rule is abused or used in bad faith." 12 P.R. Offic. Trans. at 785 n.1. This follows a declination to discuss, as immaterial to that case, "possible exceptions to [the general restart] rule." Id. at 785.

Thus, it seems there are exceptions in the civil law to the restart rule, and that abuse or bad faith conduct would be a basis for an exception. See id.; see also Feliciano, 93 P.R.R. at 643 (noting that the tolling rule "does not constitute a license to delay unjustifiedly the determination of liability of a debtor inasmuch as Rule 39.2 of the Rules of Civil Procedure . . . provide[s] for the dismissal of the action for failure to prosecute with diligence . . . .").

Here, the plaintiffs abused the court's processes. They repeatedly failed to abide by the court's orders and so allow the case to move forward. By their misconduct, as the court found, plaintiffs "hindered Defendants' handling of this case" and "the Court's carefully laid timetable for this case." In such circumstances, when allowed to refile their case after dismissal, plaintiffs were under an implicit obligation to refile promptly rather than to continue for another year the very delay that had caused the court to dismiss. Plaintiffs, however, waited out almost another full year -- only to file an identical, unamplified complaint, which the first judge had already said was deficient.

As noted, Puerto Rico's Rule 39.2(c), like Fed. R. Civ. P. 41(b), expressly authorizes dismissal of a case for violation of court orders. See supra note 5. No less than the federal courts, Puerto Rico accepts the familiar proposition that "disobedience of court orders, in and of itself, constitutes extreme misconduct

(and, thus, warrants dismissal)." <u>Tower Ventures, Inc.</u> v. <u>City of Westfield</u>, 296 F.3d 43, 46 (1st Cir. 2002).  It would seem odd, therefore, if Puerto Rico law were interpreted in the present circumstances to give plaintiffs, whose previous case was dismissed for failure to move forward in compliance with court orders, another full year to do nothing before bringing a repeat action. For plaintiffs to sit on their hands for nearly a full year before refiling, as they did here, might in such circumstances, regardless of the restart rule, be regarded by a Puerto Rico court -- as it was below -- as wrongful conduct unfairly prejudicing the defendants.  <u>See</u> <u>Durán Cepeda</u>, 12 P.R. Offic. Trans. at 785 & n.1.

To be sure, in dismissing without prejudice, the district judge may be presumed to have meant to allow plaintiffs to refile their claim within whatever time, if any, lay within the applicable statute of limitations.[7]  But it does not follow that he meant to reward them by resetting the game clock back to zero at the very moment of the disciplinary dismissal.  That doing so would be wrong was the view of the second Puerto Rico district judge, and this,

---

[7]The Supreme Court of the United States has stated that "Black's Law Dictionary (7th ed. 1999) defines . . . 'dismissal without prejudice' as '[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period.'" <u>Semtek Int'l Inc.</u>, 531 U.S. at 505-06.  The question here is what is the applicable limitations period and, in particular, whether an exception to the restart component of Puerto Rico's tolling rule would be made in a situation where renewal of the running of the statute would extend and reward the very abusive conduct that led to dismissal.

-14-

upon consideration, is our own view of Puerto Rico's law in these very special circumstances, although, given the civil law basis of Puerto Rico's tolling rule, we cannot say for sure.

Whatever the correct reading of Puerto Rico's law, however, the egregious conduct exhibited in this case warrants our holding that federal policies underlying 42 U.S.C. § 1983 require that we apply in this federal case something less than Puerto Rico's restart tolling principle. See Tomanio, 446 U.S. at 484-86 (federal law under § 1983 borrows state's tolling rule unless it is inconsistent with federal policy underlying the cause of action).

In this case, use of the restart tolling rule would frustrate the policy of repose, applicable in federal lawsuits, see id. at 487-88, which "is designed to protect defendants against the prosecution of stale claims and to protect the courts from having to decide the merits of such claims when the plaintiff has slept on his rights." Williams v. Walsh, 558 F.2d 667, 675 (2d Cir. 1977). Here, plaintiffs not only hindered the progress of the original § 1983 action by repeatedly disobeying court orders without explanation, but they waited nearly one year after dismissal (and almost three years after the alleged firings) to file the very same complaint the first district judge had already determined to be inadequate. To permit such flagrant and abusive delay in these

circumstances would disturb any peace of mind defendants possessed after dismissal of the original action.[8]

The strong policy of repose applicable in federal cases is particularly pertinent in a § 1983 case, like this one, brought against government officials. See Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982) (taking into account the "the general costs of subjecting [government] officials to the risks of trial-- distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service"). Particularly essential, the Court has ruled, is the prompt disposition of qualified immunity defenses in suits against government officials for an alleged violation of a constitutional right so as to reduce the litigation burden in time and money upon the officials. See, e.g., Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow, 457 U.S. at 816-18.

The above federal policies would be undermined if these plaintiffs, upon the court's dismissal of their case in order to sanction their improper delaying tactics, were to be allowed yet another year's delay under the restart rule. With respect to the

---

[8]In Fernandez v. Chardon, 681 F.2d 42, 50 (1st Cir. 1982), this court held that Puerto Rico's restart tolling rule applies where a class action asserts a § 1983 claim and class certification is denied for lack of numerosity. In the circumstances, we went on to state that the application of the Puerto Rico restart rule was not inconsistent with the principles of repose and federalism. Id. In that case, however, the denial of class certification in the original action did not involve the delay-related misconduct present here.

-16-

policy favoring the prompt disposition of qualified immunity defenses, we note that defendants here were unable to file their motion to dismiss for qualified immunity because of plaintiffs' failure to provide, as ordered, their legal theories of the case. Application of the restart rule would add a further burdensome year of pending litigation upon the backs of these defendants. And the instant complaint, like plaintiffs' previous one, still fails to state a legal theory for each plaintiff, as earlier ordered, leaving matters still at square one. We think federal policy requires in this instance that the restart rule not be used as the dispositive yardstick. We hold that application of that rule here would contravene significant policy concerns underlying plaintiffs' cause of action under 42 U.S.C. § 1983.

### III. Conclusion

We **<u>affirm</u>** the order of the district court dismissing the action below.