### Jorge Luis CASANOVA ORTIZ and Aida Esther La Luz Sotomayor, Plaintiffs,

v.

### Agents Martin REYES; Ernesto Morgado; John Doe; Richard Doe; Confidential Informant and Twenty Unknown Agents, Defendants.

### Civil No. 06–1626 (DRD).

United States District Court, D. Puerto Rico.

Oct. 19, 2007.

## SECOND AMENDED ORDER

DANIEL R. DOMINGUEZ, District Judge.

The Court amends its prior *Amended Order* of October 3, 2007 (Docket No. 14) for the following purposes: (a) to correct the legal citation of *López González v. Municipality of Comerio*, cited at page 4 of the *Amended Order*; and (b) to correct the last paragraph of page 5 (Docket No. 14). This amendment does not alter the Court's decision set forth in the *Amended Order* (Docket No. 14).

Pending before the Court is a *Motion To Dismiss and Memorandum of Law in Support of Motion to Dismiss* filed by the defendants (Docket No. 8), and plaintiffs' opposition (Docket No. 10). For the reasons set forth, the instant action is hereby dismissed with prejudice.

### Factual and Procedural Background

This is not the first time this action is before this Court *albeit* under a different civil case number. On June 30, 3005, the same parties herein filed an action for an alleged illegal search on plaintiffs' premises on July 2, 2004, *Casanova Ortiz, et al. v. Reyes, et al.*, Civil No. 05–1721(DRD). On April 10, 2006, the first action was dismissed without prejudice, under Rule 12(b)(4) and/or 12(b)(5), of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), for failure to serve process upon the U.S. Attorney in Puerto Rico and the U.S. Attorney General.[1] The record shows that plaintiffs never moved for reconsideration of the Order and Judgment entered on April 10, 2006 (Docket No. 9, Civil No. 05–1721). Instead, plaintiffs filed a new com-

---

1. "In this case, plaintiffs served the individual defendant agents. They failed, however, to deliver a copy of the summons to the U.S. Attorney or the Attorney General of the United States as required by the Fed.R.Civ.P. There is no question, thus, that this failure renders improper the service of the United States. Hence, their claim should be dismissed under Rule 12(b)(4), and (5). *See Sullivan v. FCC*, 2002–2 U.S. Tax Cas. (CCH) P50,534, 89 A.F.T.R.2d (RIA) 1244. Finally, the Court is aware that, upon the filing of defendants' motion to dismiss, plaintiffs attempted to serve process upon the U.S. Attorney for the District of Puerto Rico, and that he, in turn, refused to receive the documents. (Docket No. 6). Notwithstanding, without re-questing from the Court an extension of the 120–day period proscribed by Rule 4(m), and without even so much as arguing good cause for said untimely attempt at serving process upon the United States, plaintiffs service of process would have still been outside the statutory period. Although this result may seem overly formalistic, the Supreme Court is adamant about federal judges carrying out the rules of procedure even if those same rules do not strike the judges as optimal. *See Leatherman v. Tarrant County*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)."

plaint on June 22, 2006, *Casanova Ortiz, et al. v. Reyes, et al.,* Civil No. 06–1626(DRD) (Docket No. 1). The Court notes that in the instant action, evidence of the service of process has been filed as to defendants Reyes and Morgado, and the U.S. Attorney (Docket entries No. 3 and 5, Civil No. 06–1626). There is, however, no evidence in the instant record that the U.S. Attorney General has been properly served with a copy of the second complaint, Civil No. 06–1626.

The defendants moved to dismiss the instant action, as being time barred, on the grounds that (a) the second complaint was filed after the one year statute of limitations has expired;[2] and (b) as "a dismissal without prejudice results in a *tabula rasa;* it renders the proceedings null and void and leaves the parties in the same position as if the action had never been prosecuted. *Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists,* 915 F.2d 43, 48 (1st Cir. 1990) ('[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action has never been brought'); *In re: Piper Aircraft Distrib. Sys. Antitrust Litig.,* 551 F.2d 213, 219 (8th Cir.1977)." (Docket No. 8 at 3). Defendants further allege that the statute of limitations is not tolled when the complaint filed is later dismissed without prejudice, citing in support of this proposition several case law from the First Circuit. *Chico–Vélez v. Roche Products, Inc.,* 139 F.3d 56 (1st Cir.1998). In *Chico,* the Court held:

> To the contrary, a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice. *See Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir.1995);

*Brown v. Hartshorne Sch. Dist. # 1,* 926 F.2d 959, 961 (10th Cir.1991); *Robinson v. Willow Glen Academy,* 895 F.2d 1168, 1169 (7th Cir.1990); *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir.1987) (*per curiam* ); *Taylor v. Bunge Corp.,* 775 F.2d 617, 619 (5th Cir.1985); *Cardio–Medical Assoc. v. Crozer–Chester Med. Ctr.,* 721 F.2d 68, 77 (3d Cir.1983); *Stein v. Reynolds Secs., Inc.,* 667 F.2d 33, 34 (11th Cir. 1982); cf. *Hilton Int'l v. Union De Trabajadores,* 833 F.2d 10, 11 (1st Cir. 1987). In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if. the sheer passage of time precludes the prosecution of a new action.

In a nutshell, plaintiffs argue that the action is not time barred under 28 U.S.C. § 1658, as § 1658(a) provides that any civil action "arising from an Act of Congress … may not be commenced later than 4 years after the cause of action accrues." The Court disagrees since the term is ·of one year, and further, the case dismissed fails to toll the prescriptive period by mandate of federal law.

### The Motion to Dismiss Standard under Fed.R.Civ.P. 12(b)(1)

Rule 12(b)(1) provides that a complaint will be dismissed if the court lacks subject matter jurisdiction. It is settled that the standard followed by the court when considering a dismissal request under Rule 12(b)(1), is that the court "must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plain-

---

**2.** The Court takes the one year statute of limitations, as the instant action claims several violations under the U.S. Constitution, which claims are similarly treated as a violation under· the Civil Rights Act of 1991, 42

U.S.C. § 1983 (which follows the stature of limitations from the state where the incident occurred, that is, one year from the tort action under 31 L.P.R.A. § 5141).

tiff's favor." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998), as restated in *Rolón v. Rafael Rosario & Associates, Inc.,* 450 F.Supp.2d 153 (D.P.R.2006). To determine jurisdiction under Rule 12(b)(1), the court may also review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b). Once the jurisdiction of the court is challenged by the defendant through a motion to dismiss, "it is plaintiff's burden to establish that the court has jurisdiction." *Rolón, supra.* Further, when considering a motion to dismiss, the Court will examine whether the case complies with Fed. R.Civ.P. 8(a) in that "a showing, [is made] rather than a blanket assertion, of entitlement of relief." *Bell Atlantic Corporation, et al. v. Twombly, et al.,* 550 U.S. ——, n. 3, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

"Federal Courts are courts of limited jurisdiction," *Rolón, supra,* thus, "this Court has the responsibility to police the border of federal jurisdiction" *Spielman v. Genzyme Corp.,* 251 F.3d 1 (1st Cir.2001), and "must rigorously enforce the jurisdictional limits [standards] that Congress chooses," *del Rosario Ortega v. Star Kist Foods,* 213 F.Supp.2d 84, 88 (D.P.R.2002)(citing *Coventry Sewage Associates v. Dworkin Realty Co.,* 71 F.3d 1, 3 (1st Cir.1995), as restated in *Rolón, supra).*

In the instant case, the Court is mindful that the record is devoid of evidence that the U.S. Attorney General has been properly served. Moreover, Fed.R.Civ.P. 41(b) specifically provides that when the Court dismisses an action "for failure of the plaintiff to prosecute or **to comply with these rules or any order of the court,** ... unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, **operates as an adjudication upon the merits.**" (Emphasis ours). *See also López–González v. Municipality of Comerio,* 404 F.3d 548, 552–554 (1st Cir.2005).

The Court is of the opinion that the one year period is to apply to *Bivens* claims. Since *Bivens* actions are created by common law, there is no statute of limitations. In similar situations, the Supreme Court has held that the forum where the action arises controls the statutory period. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660–62, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Board of Regents of University of State of N.Y. v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Wilson v. Garcia,* 471 U.S. 261, 277–280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The most analogous period in Puerto Rico is that of personal damages (extra-contractual) which is one year adopted for § 1983, civil rights claims. *Rodríguez–García v. Municipality of Caguas,* 354 F.3d 91, 96 (1st Cir.2004) (adopting the statute of Puerto Rico, 31 L.P.R.A. § 5298(2)). *See also Guzmán–Rivera v. Rivera–Cruz,* 29 F.3d 3, 4–5 (1st Cir.1994); *Altair Corporation v. Pesquera de Busquets, et al.,* 769 F.2d 30, 31 (1st Cir.1985); *Rodríguez Narváez v. Nazario,* 895 F.2d 38 (1st Cir.1990). Federal law controls the accrued date as to which the claims arises, *Rodríguez–García,* 354 F.3d at 95; the date runs from when "the plaintiff knows or has reasons to know of the injury which is the basis for his claim," citing *Rodríguez Narváez,* 895 F.2d at 41, n. 5. Hence, the period of prescription is of one year and not of four years, as claimed by plaintiff, and the case is, therefore, time barred.

■ In the instant case, the Court finds that the first suit, Civil No. 05–1721, was

dismissed without prejudice, as plaintiffs failed to comply with the federal rules of service of process. Hence, the dismissal order entered in the first suit "operates as an adjudication upon the merits" under Rule 41(b). A simple reading of the second complaint clearly shows that the parties and the causes of action are identical, and stemmed from the same alleged illegal search on July 2, 2004. Thus, the dismissal order entered in the first suit failed to have the effect to toll the one year statute of limitations. Consequently, the instant complaint is time barred, as the one year statute of limitations will not start anew after the dismissal of the first complaint. *See López–González v. Municipality of Comerio,* 404 F.3d at 552–554.

Finally as an illustration, the instant cause of action has not been timely filed within the one year statute of limitations, as occurred in the case of *Chico–Vélez v. Roche Products, Inc.,* 139 F.3d at 58–59, wherein a plaintiff allegedly dismissed for discriminatory reasons, after the Court dismissal without prejudice of the complaint, was barred by the statute of limitations from once again filing, since the complaint would not be filed within ninety day of plaintiff receiving the right to sue letter, pursuant to law, 42 U.S.C. § 2000e–5(f)(1). "A prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice." *Chico–Vélez,* 139 F.3d at 59.

### Conclusion

In view of the foregoing, defendants' *Motion to Dismiss* (Docket No. 8) is hereby granted, and the instant complaint is hereby **dismissed with prejudice.** Judgment will be entered accordingly.

IT IS SO ORDERED.