Maria S. DIAZ, et al., Plaintiffs

v.

**UNITED STATES of America,** Defendant.

**Civil No. 07–1763 (JP).**

United States District Court, D. Puerto Rico.

June 24, 2008.

Kevin M. Acevedo–Carlson, Esq., Sonia B. Alfaro–de la Vega, Esq., San Juan, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, Esq., United States Attorney's Office, District of Puerto Rico, San Juan, PR, for Defendant.

### OPINION AND ORDER

JAIME PIERAS JR., Senior District Judge.

Before the Court is Defendant United States of America's ("United States") motion for summary judgment (Nos. 31 and 32) and Plaintiffs' opposition thereto (No. 34). Plaintiffs filed their complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq.*, against Defendant United States for the wrongful death of the decedent, Adolfo Díaz, while in the care of the Veterans Affairs Nursing Home. Defendant United States moves for summary judgment on the ground that Plaintiffs' claim is time-barred, arguing that Plaintiffs failed to initiate their claim before the expiration of the six-month statute of limitations for tort claims against the United States. For the reasons stated herein, Defendant United States' motion (**Nos. 31 and 32**) is hereby **GRANTED.**

### I. *MATERIAL FACTS NOT IN DISPUTE*

The following material facts were deemed uncontested by all parties hereto

in their motion for summary judgment (No. 33) and opposition thereto (No. 34).

1. Plaintiffs' father, Adolfo Díaz, age eighty-seven, passed away on February 19, 2002, while in the care of the Veterans Affairs Nursing Home Care Unit ("VA") at the San Juan Veterans Affairs Medical Center in San Juan, Puerto Rico.

2. Plaintiffs filed individual administrative claims that were received by the Department of Veterans Affairs ("VA") on February 17, 2004.

3. Plaintiffs timely filed their administrative complaint within two years after the accrual of the wrongful death action.

4. Not having received any notice of a final decision from the VA, Plaintiffs filed their first civil suit ("original complaint"), Civil Case No. 05–1817(JP), against the United States on July 27, 2005, in the United States District Court for the District of Puerto Rico.

5. On December 14, 2005, Plaintiffs were informed that their administrative claims were denied through a letter from the VA, because "pursuant to 28 U.S.C. § 2675, [Plaintiffs] have elected to treat the running of the six months as a final denial of their claims and have filed suit." Plaintiffs' Ex. A.

6. Acting upon a motion for voluntary dismissal without prejudice by Plaintiffs' former counsel, this Court issued a Final Judgment dismissing the original complaint without prejudice on August 29, 2006.

7. Plaintiffs filed the complaint at bar (the "second complaint") on August 23, 2007.

The following facts are deemed uncontested by the Court as they were included in Defendant's motion for summary judgment or Plaintiffs' opposition thereto and were properly supported by evidence and not sufficiently opposed:

A. The denial letter sent to Plaintiffs by the VA on December 14, 2005, did not include a statement informing the Plaintiffs that if they were dissatisfied with the VA's action, they may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of the notification.

B. Plaintiffs filed a motion for voluntary dismissal without prejudice on August 21, 2006, because their former attorney, Ramon Alfaro, became gravely ill and was hospitalized.

C. Attorney Ramon Alfaro died while in the intensive care unit at Pavía Hospital, on August 30, 2006.

D. Plaintiffs' motion for voluntary dismissal without prejudice of the original complaint was not opposed by the Defendant United States, and was granted by this Court on August 29, 2006.

E. Defendant was represented by the same Assistant U.S. Attorney, Lisa Bhatia, Esq., in the original complaint and in the second complaint.

## II. *STANDARD FOR SUMMARY JUDGMENT*

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz,* 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Ins. Co. v. Benner,* 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Goldman,* 985 F.2d at 1116.

### III. *ANALYSIS*

Defendant United States moves for summary judgment on the ground that Plaintiffs' claim is time-barred by the FTCA's six month statute of limitations for filing a claim in a District Court once an administrative claim has been denied.

### A. *FTCA STATUTE OF LIMITATIONS*

Under the FTCA, the United States waives its sovereign immunity for tort claims arising from "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). This waiver of sovereign immunity is limited by various conditions restricting its invocation. *Id.* A claimant is required to exhaust an administrative claim with the responsible federal agency before initiating a civil action. 28 U.S.C. § 2675(a). Any such administrative claim must be filed within two years of the arising of the cause of action. 28 U.S.C. § 2401(b).

A claimant may file a lawsuit in a United States District Court when (1) he receives a written final denial of his claim by the administrative agency, or (2) six months have passed since the filing of a claim without an agency decision. 28 U.S.C. §§ 2401(b) and 2675(a). The complaint in the District Court must be filed within six months after a denial of (or failure to act upon) that claim by the administrative agency. *Román v. Townsend,* 224 F.3d 24, 27 (1st Cir.2000).

██ The parties in the instant case have agreed that the initial administrative claim was filed within two years of the arising of the cause of action and thus before expiration of the statute of limitations per 28 U.S.C. § 2401(b). The critical question therefore is whether Plaintiffs filed their subsequent District Court action within the six-month period mandated by 28 U.S.C. § 2401(b). The inquiry here is twofold because Plaintiffs voluntarily dis-

missed their original complaint without prejudice and filed their second complaint nearly one year later.

### 1. *Filing of Original Complaint*

Plaintiffs filed their administrative claim with the VA on February 17, 2004, within the two-year period as mandated by 28 U.S.C. § 2401(b) and before initiating a district court action against the United States, as required by the exhaustion requirement of 28 U.S.C. § 2675(a). *See Barrett v. United States*, 462 F.3d 28, 36–37 (1st Cir.2006). The VA did not render a final decision within six months, thus permitting Plaintiffs, at their option, to assume that the agency denied their claim and to file an action with the appropriate United States District Court. 28 U.S.C. § 2675(a). After more than one year had passed since filing their administrative claim without a final decision by the VA, Plaintiffs filed a civil action against the United States in district court on July 27, 2005, 05–1817(JP). Plaintiffs therefore exercised their option under 28 U.S.C. § 2675(a) and the VA's denial of their claim became final.

### 2. *Agency's Letter of Denial*

Despite the fact that Plaintiffs had already deemed their administrative claim denied by filing suit in District Court, Defendant United States nonetheless mailed a letter to Plaintiffs on December 14, 2005, informing them of the administrative denial of their claim.

When an agency notifies a claimant of a denial, federal regulations require that the notice of denial: (1) be in writing; (2) be sent to the claimant or the claimant's attorney; (3) include a statement that if the claimant is dissatisfied with the agency action, he may file suit in an appropriate District Court not later than six months after the date of mailing of the notification; and (4) be sent by certified or registered mail. 28 C.F.R. § 14.9(a); *see Pitts v.*

*United States*, 109 F.3d 832, 836 (1st Cir. 1997). Plaintiffs argue that the letter mailed by Defendants did not meet the requirements of 28 C.F.R. § 14.9(a) because it failed to include a statement informing Plaintiffs that if they were dissatisfied with the VA's action, they could file suit in an appropriate District Court not later than six months after the date of mailing of the notification.

The Court holds that even though the VA's final denial letter did not meet federal regulation requirements for such notifications, Plaintiffs had already filed suit and therefore were not prejudiced by the error. The fact that Plaintiffs filed their claim in District Court evinces they had notice of their right to sue in federal court. Therefore, even though the VA's letter did not expressly indicate the terms of filing a federal claim, that shortcoming did not affect Plaintiffs' rights.

The Court further holds that the mailing of the letter by Defendant United States began the running of the limitations period for FTCA purposes. As such, the last possible date that Plaintiffs could file their claim in federal court was June 14, 2006. Although this inquiry is inconsequential for the filing of the original complaint, which was timely filed even before the letter was issued, the date is significant in terms of the limitation for Plaintiffs' filing of their second complaint, which the Court will now discuss.

### B. *EQUITABLE TOLLING*

Defendant argues that although Plaintiffs timely filed their original complaint, the second complaint is barred because the original complaint was voluntarily dismissed *after* the running of the six-month statute of limitations period for filing an FTCA claim pursuant to 28 U.S.C. § 2401(b). Plaintiffs argue that the limitations period should be equitably tolled be-

cause their case was dismissed as a result of the illness of their attorney.

### 1. *The FTCA Does Not Permit Equitable Tolling*

■ Commencing suit within the statutory period required by the FTCA is a jurisdictional prerequisite that cannot be waived or tolled. According to the FTCA, a claim is forever barred unless an administrative claim is presented within the time period provided by 28 U.S.C. § 2401(b). *González v. United States*, 284 F.3d 281, 288 (1st Cir.2002). It is well-established that a timely filed claim is a jurisdictional prerequisite for a tort action against the United States. *See Coska v. United States*, 114 F.3d 319, 322 (1st Cir.1997); *see also Skwira v. United States*, 344 F.3d 64, 71 (1st Cir.2003) ("[F]ailure to comply with the FTCA's statute of limitations means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it").

Plaintiffs filed the second complaint on August 23, 2007, over one year after the statute of limitations for such claims expired. Given that the six-month period for commencement of an action is a jurisdictional requirement of the FTCA, the Court holds that Plaintiffs' complaint is not subject to equitable tolling.

### 2. *Plaintiffs' Failed To Demonstrate Extraordinary Circumstances Justifying Equitable Relief*

■ Although the Court need not continue its analysis further, it will briefly discuss Plaintiffs' proffered justification for equitable relief. Even assuming *arguendo* that equitable tolling were available, Plaintiffs' arguments for its application are unavailing. Plaintiffs argue that the statutory period should be equitably tolled because (1) their attorney fell gravely ill, and (2) the United States allegedly misled Plaintiffs into believing their claim

was not time-barred. The Court will address these claims in turn.

■ The doctrine of equitable tolling suspends the statute of limitations when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands, or claimant was materially misled into missing deadline. *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir.2001); *Fradella v. Petricca*, 183 F.3d 17, 21 (1st Cir.1999). The Supreme Court in *Irwin v. Department of Veterans Affairs*, stated that:

> courts have typically extended equitable relief only sparingly, [allowing] equitable tolling in situations where the claimant has actively pursued his judicial remedies ... or where the complainant has been ... tricked by his adversary's misconduct into allowing the filing deadline to pass.

498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *see also Cao v. Puerto Rico*, 525 F.3d 112 (1st Cir.2008). Equitable tolling is unavailable where "a party fails to exercise reasonable diligence" in vindicating its own rights. *Vistamar, Inc. v. Fagundo–Fagundo*, 430 F.3d 66, 72–73 (1st Cir.2005). When seeking equitable relief, the moving party bears the burden of showing the extraordinary circumstances that compel award of such relief. *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir.2002).

The death of Plaintiffs' attorney does not toll the statute of limitations where Plaintiffs had previously filed a suit that they subsequently decided to voluntarily dismiss. In their motion to voluntarily dismiss the original complaint without prejudice, Plaintiffs state that they spoke with Attorney Sonia B. Alfaro De La Vega, acting the instruction of Ramon Alfaro, who explained to Plaintiffs the case status as well as the meaning of a voluntary dismissal and its consequences. Instead of

filing for a continuance or seeking a new attorney, Plaintiffs chose to dismiss the case without prejudice. They then waited nearly an entire year before filing the second complaint. Although it is unclear whether Plaintiffs were advised of other options beyond dismissal, this type of "garden-variety attorney negligence, even if excusable, is not grounds for equitable tolling." *Irwin*, 498 U.S. at 90, 111 S.Ct. 453; *Trapp v. Spencer*, 479 F.3d 53, 60 (1st Cir.2007).

■ Plaintiffs further argue that the United States tricked them because it did not raise the statute of limitations defense prior to this motion. The Court finds this argument unconvincing. The statute of limitations is only tolled if the Defendant "engaged in fraud or deliberate concealment of material facts relating to his wrongdoing," *Rakes v. United States*, 442 F.3d 7, 26 (1st Cir.2006), or "tricked ... his adversary [by] misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Plaintiffs argue that the United States' active participation in the litigation, without raising the statute of limitations defense earlier, somehow deceived Plaintiffs into filing their second complaint late. The statute of limitations began to run on December 14, 2005, and expired June 14, 2006.[1] Plaintiffs did not commence the present suit until August 23, 2007, over one year after expiration of the statute of limitations. When the United States raised the statute of limitations defense is therefore immaterial as the Plaintiffs' idleness occurred prior to any involvement of the United States in the present suit. Furthermore, Plaintiffs have not shown that the United States tricked or induced them into voluntarily dismissing their original suit; instead, Plaintiffs have admitted that they moved to voluntarily dismiss the original complaint because of their attorney's health problems. The Court therefore holds that the doctrine of equitable tolling is not available to the Plaintiffs in this lawsuit.

## IV. CONCLUSION

In conclusion, the Court **GRANTS** Defendant's motions for summary judgment. The Court will enter a separate judgment dismissing Plaintiffs' claims with prejudice.

**IT IS SO ORDERED.**

---

1. While Plaintiffs' original complaint was pending in the district court, the six-month statute of limitations was not tolled. *See Casanova Ortiz v. Reyes*, 528 F.Supp.2d 9, 12–13 (D.P.R.2007) ("a dismissal without prejudice results in a *tabula rasa;* it renders the proceedings null and void and leaves the parties in the same position as if the action had never been prosecuted" (quoting *Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists*, 915 F.2d 43, 48 (1st Cir.1990))).