**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT WORRELL,

     Plaintiff-Appellant,

v.

L.E. BRUCE, Warden; DAVID R.
McKUNE, Warden; KANSAS
SECRETARY OF CORRECTIONS,

     Defendants-Appellees.

No. 08-3049
(D.C. No. 5:07-CV-03117-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Robert Worrell appeals from the dismissal of his pro se prison civil rights

action, which the district court dismissed in part as untimely and in part for

failure to state a claim for relief. On de novo review, *Beck v. City of Muskogee*

*Police Dep't*, 195 F.3d 553, 556 (10th Cir. 1999), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court understood the pleadings as asserting several distinct claims.[1] The first claim alleged various constitutional violations arising out of Mr. Worrell's treatment (administrative and medical) in connection with an assault he suffered in September 2003. The second claim alleged a failure to comply with a medical restriction on his ability to climb stairs. The third and fourth claims alleged he had been denied access to the prison law library and to medical appointments. The district court held that the first two claims were time-barred and the last two were legally deficient for lack of essential elements of the relevant constitutional causes of action.

We examine each claim in turn.

## I. Time-Barred Claims

As the district court noted, the limitations period for a civil rights action under 42 U.S.C. § 1983 is borrowed from the pertinent state statute of limitations, in this case the two-year period specified in Kan. Stat. Ann. § 60-513(a)(4). *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006). Thus,

---

[1] The district court read Mr. Worrell's second amended complaint in light of other materials, including prison grievances, he had filed to flesh out and buttress the complaint's vague allegations. *See generally Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (noting pro se plaintiff "bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings"); *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). Mr. Worrell does not take issue with the court's construction of his pleadings, but does challenge the disposition of the asserted claims.

claims that accrued more than two years prior to May 2007, when this action was commenced, are time-barred absent some form of tolling.

The events underlying the first claim asserted by Mr. Worrell took place in 2003, well outside the two-year window for redress here. It appears he has now abandoned this claim. *See* Amended Br. of Aplt. at 3. In any event, it is clearly time barred and was properly dismissed.[2]

The second claim, regarding stair restrictions, is slightly more complicated, owing to Mr. Worrell's inconsistent representations to the district court. It now appears this claim encompasses two distinct incidents: a request he made for bottom-floor housing at Lansing Correctional Facility (LCF) in February 2005, and a dispute he had with a Lieutenant Gill at Norton Correctional Facility (NCF)

---

[2] Mr. Worrell has at times argued that a prior suit, voluntarily dismissed without prejudice for exhaustion purposes, preserved this and other claims for redress. But "without prejudice" means only a preservation of the status quo as if no filing had occurred; it does not confer the affirmative benefit of tolling the limitations period, absent a specific provision of law to that effect. *Brown v. Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds as stated in Keeler v. Cereal Food Processors*, 250 F. App'x 857, 860-61 (10th Cir. 2007); *accord Casanova Ortiz v. Reyes*, 528 F. Supp. 2d 9, 11 (D. P.R. 2007) (collecting circuit cases). Kansas law, which controls tolling here, *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007), permits equitable tolling during the time remedies are being exhausted if exhaustion is required before suit may be filed, *Wagher v. Guy's Foods, Inc.*, 885 P.2d 1197, 1206 (Kan. 1994). The remedies an inmate must exhaust before filing a civil rights action do not entail lawsuits; an inmate need only exhaust "such *administrative remedies* as are available." 42 U.S.C. § 1997e(a) (emphasis added). Thus, the limitations period would have been tolled here only during Mr. Worrell's grievance proceedings, the short duration of which would not save any of his claims that were dismissed as time-barred.

over his use of the handicap elevator in March 2006. But in response to the district court's order to provide basic facts (time, place, participants) in support of the claims in his second amended complaint, Mr. Worrell appeared to disavow the latter incident, stating that "you will not find Lieutenant Gill's name anywhere on [his] civil complaint [in this] case," while going on to specify facts relating to the grievance he had filed over his housing request at LCF. R. at 357. In its final order of dismissal, the district court looked solely to the LCF housing matter in concluding (in that respect correctly) that Mr. Worrell's claim was time-barred. *Id.* at 423.

In the meantime, however, Mr. Worrell had submitted another response to the court's order, designated a "Motion to Introduce Evidence," *id.* at 360, which attached additional prison administrative materials including a grievance he had filed against officer Gill over the elevator incident at NCF, *id.* at 391. This grievance should have been considered by the district court, since it granted Mr. Worrell's motion and indicated it would consider the materials he submitted as part of the pleadings in the case. *See id.* at 421. As the grievance clearly shows that the incident took place less than two years prior to commencement of this suit, we cannot uphold the dismissal of the claim as time-barred.

Nevertheless, we may affirm the dismissal if we independently conclude that the allegations are legally deficient to state a claim for relief. *See Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1172

(10th Cir. 2006). And that is clearly the case here. The grievance materials, *see* R. at 391-92, 416-17, reflect that officer Gill stopped Mr. Worrell attempting to use an elevator to reach a second-floor eating hall. Although he did not have an elevator pass, Mr. Worrell insisted he was entitled to use the elevator because of a two-flight stair restriction, imposed because of the risk of falling from a blackout or seizure. His grievance was denied based on the fact that the eating hall was on the second floor and thus within the limits of the restriction. He argues that the medical restriction should have been construed by prison officials to apply to the stairway anyway, because it was long and had two landings. This simply does not reflect an Eighth Amendment violation, which requires "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

An Eighth Amendment claim requires a culpable state of mind—that the officer subjectively knew of and deliberately disregarded a serious risk, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)—that is clearly ruled out by the circumstances here. Officer Gill cannot be found deliberately indifferent to a medical restriction *with which his actions were facially compliant*. If dissatisfied with the effect of the restriction as framed, Mr. Worrell should have asked medical personnel for a restriction stated in terms sufficient to inform prison officers not to require him to climb the stairs to the second-floor eating hall. It was not the duty of prison officers to expand the restriction in this way through liberal application.

In addition, Mr. Worrell was subsequently transferred out of NCF, so his complaint was in any event temporary. When an inmate complains only of a delay in the accommodation of a medical need, he must "show that the delay resulted in substantial harm," such as "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotation omitted). There is no allegation of consequent harm to Mr. Worrell (that he ever blacked out and fell on the stairs, for example) in his pleadings.

## II. Claims Dismissed on the Merits

The district court rejected Mr. Worrell's claim regarding access to the law library because the pleadings and associated materials reflected only a generalized dissatisfaction with occasionally being denied use of the library, untethered to any alleged impairment of a particular legal claim. The district court held that such a broad, abstract claim to unlimited access is not actionable under the governing constitutional standards. We agree.

The constitution does not require the state to provide an inmate unlimited access to a law library. *See Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). And this court has repeatedly upheld the rejection of library-access claims for lack of any demonstrated need for library materials or impairment of actual litigation as a result of not obtaining such materials. *See, e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *Penrod*, 94 F.3d at 1403; *Cosco v. Uphoff*, 195 F.3d 1221,

1224 (10th Cir. 1999); *see also Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (affirming dismissal of claim alleging interference with legal mail for same reason).

The district court summarily dismissed Mr. Worrell's claim for denial of medical care because, in its view, the incidents reflected in his materials "do not suggest deliberate indifference but rather a difference of opinion concerning the appropriate treatment." R. at 426. Of course, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *see also Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1142 (10th Cir. 2005) (holding mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment). This is true even if the treatment in question constituted medical malpractice. *Fitzgerald*, 403 F.3d at 1143; *Perkins*, 165 F.3d at 811. But medical judgment was not the only focus of the materials submitted by Mr. Worrell. Indeed, his complaint framed his claim as a denial of "access to his medical appointments," R. at 332, which suggests the institutional misconduct of prison officers, not the professional mis-judgment of medical personnel. Again, however, even if the district court's stated rationale failed to account for some aspect of the claim advanced by Mr. Worrell, we may still affirm its decision to dismiss if the allegations were otherwise legally

-7-

insufficient to state a claim for relief. *See Deephaven Private Placement Trading, Ltd.*, 454 F.3d at 1172.

Mr. Worrell points to three specific incidents in support of his claim for denial of medical care. Multiple legal hurdles foreclose two of these: the failure to suture a wound on his forehead and the refusal by officer Gill to allow him use of the elevator to reach a second-floor eating hall. For one thing, both occurred when Mr. Worrell was confined at NCF, but the medical-care claim in his complaint was specifically limited to the period "[w]hile plaintiff was housed at L.C.F.," R. at 332. Moreover, a nurse's conclusion that sutures were not needed to close a wound, *see* R. at 389, is the kind of medical judgment to which the district court's rationale for dismissal properly applies. And we have already explained why Mr. Worrell's complaint about officer Gill cannot state a claim under the Eighth Amendment.

The third incident occurred at LCF. Prison officer Jewell failed to appear to let Mr. Worrell out of his cell for a morning medical-clinic callout (routine appointments were a fixture of his medical care), and then delayed for a few minutes in letting him out for an afternoon mental-health callout, adding a gratuitous obscenity and calling him a "crybaby." R. at 247-48. In response to Mr. Worrell's grievance over the matter, the unit team noted that officer Jewell attempted to apologize and called mental health to make sure they would see Mr. Worrell a little late. *Id.* at 247. Mr. Worrell appealed to the warden,

insisting he "was not given any apology." *Id.* The warden found that the unit team had handled the matter appropriately and then personally "apologize[d] for any inconvenience this may have caused." *Id.* at 249. Again, no Eighth Amendment claim was made out here. In particular, there is no indication that any substantial harm resulted from this incident. A delay of a few minutes in arriving for the afternoon appointment obviously would not qualify, and Mr. Worrell does not allege any adverse consequences associated with waiting for his next appointment at the medical clinic.

Mr. Worrell suggests there were other times when prison officials denied him access to medical treatment, but states he "doesn't feel that it is necessary to itemize each and every grievance . . . due to the fact that these are to[o] many." Amended Br. of Aplt. at 6. Actually, the record contains no other grievances within the limitations period that relate to Mr. Worrell's claim that prison officials interfered with his treatment. Further pursuit of the matter would be both unwarranted and inappropriate: while we liberally construe pro se appellants' filings, we may not advocate on behalf of a litigant, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), and "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" to make a case for him, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, we note that Mr. Worrell has indiscriminately submitted various documents, and broadly alluded to some matters in his appellate brief, that are substantively or chronologically irrelevant to the claims under review. We do not address these legally inapposite matters—other than to say, again, that it is not the responsibility of this court to comb through the record in search of potential claims, especially claims that were never alleged below.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge