Gerardo **GARCÍA RODRÍGUEZ,** et al., Plaintiffs

v.

Jessica **LABOY,** et al., Defendants.

Civil No. 07–1801(JAG).

United States District Court, D. Puerto Rico.

June 26, 2008.

Carlos J. Rivera–Ruiz, Manfredy & Manfredy CSP, Ponce, PR, for Plaintiff.

Jose J. Gueits–Ortiz, Department of Justice of Puerto Rico, Office of General Litigation Unit VII, San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the court is co-defendants Ivan Echevarria–Maldonado and Luz N. Espada–Ortiz's (jointly "co-defendants") Motion to Dismiss the complaint. (Docket No. 8). For the reasons set forth below, the court **GRANTS** co-defendant's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2007, plaintiffs Jorge L. Vázquez González, Gerardo L. García Rodríguez, Sonny Centeno Caquias, Alex Caraballo Caquías, Felix Vélez Perez, Carlos F. Rueda León, Carmen S. Badillo Santiago, Mariselis Padilla Quiles, Adelaida Feliciano, Carmen Mercado Quiñones, Janice Feliciano Ramos, Jorge Meléndez Guzmán, and Wilson Martinez Curet (collectively "plaintiffs"), filed the present complaint against Jessica Laboy, Miguel A. Lassalle Santana, Luz Espada, Luis Casiano Almeda, Ivan Echevarria Maldonado and Officers John Doe 1 to 12, Joe Supervisor I to V, all individually and in their official capacities, all defendants also on their own behalf and of the conjugal partnership formed respectively with Jane Doe or Richard Doe I to XX, alleging Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983.

In the complaint, plaintiffs allege that in 2005, defendants, all of which were officers of the Canine Unit of the Correction Department of the Commonwealth of Puerto Rico, made several inspections in the Correctional Complexes of "Guayama 500" and "Las Cucharas." Specifically officers of this Unit strip searched employees of "Guayama 500" from September 28 to October 3, 2005 and employees of "Las Cu-

charas" from November 7 to November 11, 2005.

These searches required employees to make a line where narcotics dogs would sniff them. If the dogs alerted to the presence of narcotics, the employees would be subject to a strip search. However, the employees had to sign release forms before the strip search, and were forced to do so without time to read the forms and under threat of losing their jobs. Then, the employees were required to undress and subject themselves to a body cavity search. The searches took place in areas to which the public, other employees, and inmates had access to and from where they were able to witness the process.

When conducting these types of searches, Officers of the Canine Unit violated several of the internal regulations of the Unit ("ROUC"). The regulations required the officers of the Unit to take every person searched before a supervisor, write a memorandum about each search, and ensure that the area of inspection was not contaminated prior to that particular search. Also, the search had to be limited to a physical search.

Although the officers of the Canine Unit searched over thirty employees, they never found any controlled substances. Nonetheless, the employees were subject to public strip searches that made them scared, anxious, and nervous. Moreover, the officers conducted these searches every time the employees entered and left the institution for lunch, or at the end of their work shifts.

On December 14, 2007, co-defendants Ivan Echevarria–Maldonado ("Echevarria–Maldonado") and Luz N. Espada–Ortiz ("Espada–Ortiz") filed a Motion to Dismiss. In their motion, co-defendants allege that (1) plaintiffs' claims for monetary damages under Federal Law against them in their official capacities are barred by the Eleventh Amendment; (2) plaintiffs' 42 U.S.C. § 1983 claim and Articles 1802 and 1803 claims against Espada–Ortiz are time-barred; (3) plaintiffs' fail to state a claim under the Fourth Amendment; (4) plaintiffs' fail to state a claim under the Fourteenth Amendment; (5) defendants, in their individual capacities, are entitled to qualified immunity; and (6) the pendent claims should be dismissed. (Docket No. 8). On December 21, 2007, plaintiffs filed an opposition to the Motion to Dismiss. (Docket No.9).

## DISCUSSION

*A. Standard of Review*

 Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). To survive dismissal for failure to state a claim, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007). According to *Twombly,* the complaint must state enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Id.* at 1974. Therefore, to preclude dismissal pursuant to Fed.R.Civ.P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

 At the motion to dismiss stage, the court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). Thus, plaintiffs bear the burden of stating factual allegations regarding each element necessary to sustain recovery under some ac-

tionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). The court need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## B. *Statute of Limitations*

The present complaint is the second complaint filed in relation to the events that transpired from September 28, 2005 until November 11, 2005. The same parties herein filed an action under a different civil case number, Civil No. 06–1631(JP), on June 23, 2006.[1] In that earlier complaint, plaintiffs named as defendants some officers of the Canine Unit of the Correction Department and designated others as John Does. On August 7, 2007 and pursuant to Fed.R.Civ.P. 4(m)[2] and 41(b),[3] that complaint was dismissed without prejudice and partial judgment was entered as to defendants "J. Lamboy," "Luis Valentin-Lasalle," Joe Supervisor I–V and John Doe 1 through 12 for failure to identify and serve process upon them. (*See* Civil No. 06–1631(JP), Docket Nos. 45, 46). Plaintiffs moved for reconsideration and requested permission to amend the complaint and serve summons upon officers Jessica Lamboy, Luz Espada, Luis Casiano Almeda, Ivan Echevarria Maldonado and Miguel A. Lasalle Santana, who were

some of the previously unnamed or mistakenly named defendants. The Court denied plaintiffs' request on August 10, 2007. (*See* Civil No. 06–1631(JP), Docket No. 48). Following the denial of their Motion for Reconsideration, on August 29, 2007, plaintiffs filed the present complaint, alleging the same facts contained in the first complaint. However, the present complaint names the five officers (Jessica Lamboy, Luz Espada, Luis Casiano Almeda, Ivan Echevarria Maldonado and Miguel A. Lasalle Santana) who plaintiffs wanted to include through an amendment to the complaint in the first case, and also includes Officers John Doe 1 to 12 and Joe Supervisor I to V. Two of the five named defendants in the present complaint, Espada-Ortiz and Echevarria–Maldonado, are the co-defendants that filed the Motion to Dismiss pending before this Court. Since they were never identified or served in Civil No. 06–1631, co-defendants (as well as all the other defendants in this case) have been brought before a court for the first time in the present proceeding to respond for the events that occurred from September 28, 2005 until November 11, 2005.

Co-defendants move to dismiss the complaint alleging that the claims against Espada–Ortiz are time-barred. Co-defendants argue that over a year has tran-

---

1. There is only one plaintiff in the first complaint (Civil No. 06–1631(JP)) that was not included in the present complaint, Jorge Melendez. Therefore, all the plaintiffs in the present complaint have brought this action before.

2. Rule 4(m) provides that if timely service of summons is not made,

 the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure,

the court shall extend the time for service for an appropriate period.
Fed.R.Civ.P. 4(m)

3. As the Court stated in its Opinion and Order, under Rule 41(b), a district court may, as part of its inherent power to manage its own docket, dismiss a case *sua sponte* for any of the reasons prescribed in Rule 41(b) of the Federal Rules of Civil Procedure, including lack of diligent prosecution. *E.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *e.g., Cintron–Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 525–526 (1st Cir. 2002).

spired since the events alleged in the complaint occurred and that the partial judgment in Civil No. 06–1631 did not toll the statute of limitations as to Espada–Ortiz because it did not include her. In their opposition, plaintiffs posit that the statutory period did not accrue when the events allegedly committed by Espada–Ortiz took place, but instead when plaintiffs discovered her "identity." In the alternative, plaintiffs claim that the complaint is not time-barred because the original complaint tolled the statute of limitations.

■ Congress has "plainly instructed" in 42 U.S.C. § 1988 that in § 1983 actions, federal courts should refer to state law when federal law provides no rule of decision. *Chardon v. Fumero Soto,* 462 U.S. 650, 657, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). Therefore, "[u]nder 42 U.S.C. § 1988, the federal cause of action is governed by appropriate 'laws of the United States,' but if such laws are unsuitable or inadequate, state-law rules are borrowed unless a particular state rule is 'inconsistent with the Constitution and laws of the United States.'" *Id.* at 655–56, 103 S.Ct. 2611. Because Federal Civil Rights statutes do not provide a statute of limitation, courts must look to state statutory limitations for personal injury claims. *Wilson v. Garcia,* 471 U.S. 261, 266, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Puerto Rico, the one year statutory limitation for tort action governs § 1983 claims. *See* Article 1868(2) of the Civil Code, P.R. Laws Ann. 31 § 5298(2); *Altair Corp. v. Pesquera De Busquets,* 769 F.2d 30, 31 (1st Cir.1985).

■ Although this Court will apply the one-year period applicable for local tort actions, the date of accrual is a federal law question. *See Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir. 1997). The one-year statute of limitations "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury." *Benitez–Pons v. Commonwealth of P.R.,* 136 F.3d 54, 59 (1st Cir.1998) (citation omitted). Accordingly, the claims under the Fourth and Fourteenth Amendment for the illegal detention and search of the employees of the two correctional complexes accrued one day after those events took place because since that time, plaintiffs knew of the injury. Taken in the light most favorable to plaintiffs, this period began to run on November 12, 2005. *See Nieves v. McSweeney,* 241 F.3d 46, 52 (1st Cir.2001).

■ Plaintiffs rely on *Colon Prieto v. Geigel,* 115 P.R.Dec. 232 (1984), and argue that the statute of limitations begins to run when the injured party knows or should have known of the injury and the likely identity of the tortfeasor. Plaintiffs mistakenly cite Puerto Rico law to determine the time of accrual. However, even if Puerto Rico law is applied, we still arrive at the same conclusion that the statute of limitations began to accrue in 2005 and not in 2007, as plaintiffs would have us hold.

■ Under Puerto Rico law, the statute of limitations accrues from the moment the aggrieved party could have reasonably become aware of the cause of the injury and the person that caused it. *Colon Prieto,* 115 P.R.Dec. at 243. To have knowledge of the injury, plaintiff must have both "notice of the injury" and "notice of the person who caused it." *Torres v. E.I. Dupont,* 219 F.3d 13, 18 (1st Cir. 2000) (*quoting Colon Prieto,* 115 P.R.Dec. at 244). Plaintiff has notice of who caused the injury if "plaintiff knew or with the degree of diligence required by law would have known whom to sue." *Id.* at 19 (*citing Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d 512, 516 (1st Cir.1989)). If he does, then even if he does not know the exact name of the person who caused the injury, plaintiff is deemed to know the tortfeasor's identity. *See Rodriguez–Suris*

*v. Montesinos,* 123 F.3d 10, 17–18 (1st Cir.1997) ("[a]lthough Puerto Rican law requires knowledge of the 'author' of, or 'person who caused,' the injury, it does not suggest that (at least in ordinary circumstances) a plaintiff must know the exact name of the tortfeasor"). Therefore, the statute of limitations begins to run regardless of whether plaintiff knows the real name of the tortfeasor or not. Because of this, plaintiffs are forced to file complaints without having complete information about the tortfeasors and must do so using fictitious names like John Doe.[4] After filing the complaint, the injured party must exercise reasonable diligence in identifying the source of the injury *and* the tortfeasor. *Colon Prieto,* 115 P.R.Dec. at 243 (emphasis ours).

In this case, plaintiffs knew since 2005 that officers of the Canine Unit had performed the contested strip searches. It was their duty to exercise due diligence in identifying the names of the specific officers involved in the searches. Plaintiffs could have, through the exercise of due diligence, identified the officers that perpetrated the offense. However, more than a year after Civil No. 06–1631 was filed, plaintiffs had not identified nor properly served the named defendants in this case. Clearly, plaintiffs failed to be diligent in procuring the substitution or amendment to the complaint in Civil No. 06–1631 and the court sanctioned them with a dismissal, albeit without prejudice.

Even if they did not know the names of the tortfeasors until 2007, because plaintiffs knew the identity of the officers, they had both "notice of the injury" and "notice of the person who caused it." Therefore, under Puerto Rico law, their cause of action began to accrue in 2005 and not in 2007 when they learned the names of the defendants, including Espada–Ortiz.

Having began to accrue in 2005, plaintiffs' cause of action is time-barred, unless the one-year statute of limitations was somehow tolled. This is precisely what plaintiffs argue in the alternative, that their cause of action was tolled by the filing of Civil No. 06–1631. As with the statutory period, the rules of regarding tolling are borrowed from state statutes in § 1983 actions. *Chardon,* 462 U.S. at 657, 103 S.Ct. 2611 (restating that "[b]ecause the 'chronological length of the limitation period is interrelated with provisions regarding tolling,' [...] the practice of 'borrowing' state statutes of limitations 'logically include[s] rules of tolling.'") (*citing Board of Regents v. Tomanio,* 446 U.S. 478, 485, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). "When a § 1983 action is brought in Puerto Rico, federal law borrows from Puerto Rico tolling law so long as it is consistent with underlying federal policy." *Nieves–Vega v. Ortiz–Quiñones,* 443 F.3d 134, 136–37 (1st Cir.2006). There is no indication that as applied to this case, Puerto Rico's tolling provisions would offend federal law. Accordingly, we turn to Puerto Rico tolling rules to determine whether the filing of Civil No. 06–1631 tolled the statute of limitations as to Espada–Ortiz.

Under Puerto Rico law, prescription of actions is interrupted by their

---

4. Rule 15.4 of the Puerto Rico Rules of Civil Procedure indicates the procedure a plaintiff must follow when he knows the identity of the person liable for the relief claimed but not his true name at the filing of the complaint. Said rule states:

Whenever a plaintiff does not know the true name of a defendant, he shall so state in the complaint, setting forth the specific claim he allegedly has against said defendant. In said case, the plaintiff may designate said defendant in any pleading or proceeding with a fictitious name, and upon discovery of the true name, he shall forthwith make the corresponding amendment in the pleading or proceeding.

P.R. Laws Ann. tit. 32, Ap. III, R.15.4 (2006).

institution before the courts. Art. 1873 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 § 5303. In order for a previously filed judicial action to toll the statute of limitations as to a later filed complaint, the second complaint must assert a cause of action identical to the one in the first. *Rodríguez–García v. Municipality of Caguas,* 354 F.3d 91, 97 (1st Cir.2004) (citations omitted). In order to meet the identicality requirement, "[t]he causes of action asserted must be based on the same substantive claims" and "they must be asserted against the same defendants in the same capacities; new defendants should not be added." *Id.* at 98. If these requirements are met, the filing of a complaint results in the statute of limitations running anew from the time that action comes to a definite end. *Id.* at 97.

■■■ This case asserts the same substantive claims as those in Civil No. 06–1631. As such, assuming identical defendants in both cases, the statute of limitations would have been tolled and begun to run anew from the time of the Partial Judgment in Civil No. 06–1631 as to the defendants to which said Partial Judgment applied. However, the defendant indenticality requirement is not met in this case.

In Civil No. 06–1631, more than a year after the complaint was filed, plaintiffs had not identified the officers that are named defendants in the present case. They had not requested the substitution of the ficti-

tious names nor had they amended the complaint to correctly identify those they had included with a mistaken name.[5] Partial Judgment of dismissal was entered as to certain defendants without plaintiffs having properly identified or served them, and the subsequent request to amend the complaint in order to substitute the names was denied.

■■■ While Puerto Rico law states that when the fictitious name is substituted for the real name, said substitution relates back to the date when the complaint was originally filed, even when the amendment falls outside the one-year limitations period, the mechanism that allows for the relation-back doctrine was never put in place in Civil No. 06–1631. *See Padin Espinosa v. Compania de Fomento Industrial de P.R.,* 150 P.R.Dec. 403 (2000). An unnamed defendant must be properly identified before judgment is entered so that he be given sufficient opportunity to defend. P.R. Laws Ann. tit. 32, Ap. III, R.15.4 (2006). Otherwise, he may not be found liable.[6] Since "it is exclusively by virtue of the identification of the unknown defendants in the pleading that the filing of a complaint may have any effect on the statute of limitations," the filing of the previous complaint did not toll the statute of limitations as to the any of the defendants in this case. *Educadores Puertorriquenos v. Rey Hernandez,* 508 F.Supp.2d 164, 180 (D.P.R.2007); *see also Santiago–Rivera v. Royal Ins. Co. of Puerto Rico,* 613 F.Supp. 121, 123 (D.P.R.,1985).[7] As such, plain-

---

**5.** As stated above, the court in Civil No. 06–1631 dismissed the complaint against J. Lamboy, Luis Valentin–Lasalle, Joe Supervisor I–V and John Doe 1 through 12 for failure to identify and serve said defendants. Plaintiffs admit that J. Lamboy, Luis Valentin–Lasalle are not the correct names of the persons they intended to bring before the court.

**6.** Moreover, under Puerto Rico law, service of process upon unknown defendants must be effected within six months of filing of the

complaint. *Nunez Gonzalez v. Jimenez Miranda,* 122 P.R.Dec. 134, 142 (1988). If plaintiff does not do so, or otherwise justify an extension of the six month term, the claims against unknown defendants shall be dismissed with prejudice. *Id.* at 143.

**7.** Plaintiffs' chance at saving their claims against he defendants named in the present complaint was in Civil No. 06–1631, where an amendment would have related-back to the time of filing of that complaint. However,

tiffs' argument that the filing of the original complaint tolled the one-year statute of limitations as to the present complaint is without merit.

 The Court notes that common law and equitable principles would lead to the same conclusion. The First Circuit has held that an involuntary dismissal without prejudice ordered as a sanction (as was ordered in Civil No. 06–1631 under Rule 41(b)) does not toll the statute of limitations. *Lopez–Gonzalez v. Municipality of Comerio,* 404 F.3d 548, 554 (1st Cir.2005) (*citing Chico–Velez v. Roche Prods., Inc.,* 139 F.3d 56, 59 (1st Cir.1998)). "In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." *Chico–Velez,* 139 F.3d at 59.

Since the one-year statute of limitations began to run in 2005, when the events subject of this complaint took place, and there has been no tolling of said period, the present complaint is time-barred against Espada–Ortiz and the Motion to Dismiss as to her must be granted. Moreover, the same analysis applies to the remaining defendants, none of which were identified or served in Civil No. 06–1631.[8]

In light of the discussion above, the Court hereby dismisses the complaint against all defendants on its own motion, since the claims against them are also time-barred. *See Cardona Del Toro v. United States,* 791 F.Supp. 43, 45 (D.P.R. 1992), aff'd., 983 F.2d 1046 (1st Cir.1992)

(the court has power to dismiss a time-barred claim on its own motion); *Chute v. Walker,* 281 F.3d 314, 319 (1st Cir.2002) ("*[s]ua sponte* dismissal should be used sparingly, but is appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would futile'"). Having determined that the action before this Court is time-barred as to all defendants, there is no reason for the Court to discuss the other arguments advanced by co-defendants.

### CONCLUSION

For the reasons stated above, the court **GRANTS** the motion to dismiss and further dismisses plaintiffs' claims against all defendants. Judgment shall enter accordingly.

IT IS SO ORDERED

---

that court's denial of plaintiffs' reconsideration and request to amend the complaint to identify the defendants resulted in plaintiffs losing, by reason of prescription, their claims against those defendants.

**8.** This includes co-defendant Ivan Echevarria Maldonado, whose presumptive identification in Civil No. 06–1631 as "Officer Echevarria" was rejected by the court, the complaint against the named "Officer Echevarria" having been dismissed without prejudice under Rules 4(m) and 41(b). (*See* Civil No. 06–1631, Docket No. 31). Defendant Ivan Ecehvarria Maldonado, would have otherwise been identified as a John Doe in Civil No. 06–1631.