Janette Natal FELICIANO,
et al., Plaintiffs,

v.

Commonwealth of PUERTO RICO,
et al., Defendants.

Civil No. 06–2043 (DRD).

United States District Court,
D. Puerto Rico.

Dec. 22, 2009.

Jeannette M. Lopez, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Plaintiffs.

Jose J. Gueits–Ortiz, Department of Justice of Puerto Rico, San Juan, PR, for Defendant.

### OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

## I. PROCEDURAL HISTORY

Currently before the Court is Plaintiffs' *Motion in Compliance with Court Order Dated October 7, 2009* (Docket No. 25). This motion comes in response to the Court's *Order to Show Cause* as to the case being fatally time barred (Docket No. 24). The relevant procedural history of this case follows.

On April 11, 2006, Plaintiff Janette Natal Feliciano (hereinafter Adult Plaintiff) filed a *Complaint* in the District Court before another District Court Judge (Civil Case 06–1366, Docket No. 1)(hereinafter the CCC Dismissed Complaint; this original case is hereinafter referred to as the CCC Case). The CCC Dismissed Complaint was substantially identical to the

*Complaint* filed in the instant case, which is hereinafter referred to as the DRD Case, except that the original CCC case did not include the tort claims of her children (hereinafter referred to as Minor Plaintiffs), which arise under state tort law. Minor Plaintiffs' complaint was attached to Adult Plaintiff's § 1983 claim in the DRD Case through the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a).

In the CCC Complaint, as in the DRD Complaint, Adult Plaintiff requests monetary damages pursuant to 42 U.S.C.A. § 1983 for the violation of her Fourth, Fifth and Fourteenth Amendment Constitutional rights, as well as rights under the Constitution of Puerto Rico. Plaintiff's claim rises from an event that she avers occurred on April 12, 2005. On that date, Plaintiff alleges that Commonwealth of Puerto Rico Police Officer Wilfredo Jimenez Ramos, while acting under color of state law, employed excessive force against Adult Plaintiff without cause, illegally detained her without process, caused her mental anguish and deprived her of her civil rights.[1] To this § 1983 claim, Plaintiff added supplemental claims under Puerto Rican tort law which arose from the same incident.[2]

On August 22, 2006, four months after the filing of the complaint, District Court Judge Carmen Consuelo Cerezo dismissed the CCC Case without prejudice as a sanction for failure to serve process within the term provided by Rule 4(m) of the Federal Rules of Civil Procedure (Civil Case 06–1366, Docket No. 4). That same day, Adult Plaintiff filed a *Motion to Set Aside Judgment of Dismissal Without Prejudice to Allow Amended Complaint* (Civil Case 06–1366, Docket No. 5) regarding the Dismissed CCC Complaint, which District Court Judge Cerezo denied on September 6, 2006 (Civil Case 06–1366, Docket No. 7). In her order, Judge Cerezo specified that Adult Plaintiff had provided no excusable reason for failure to comply with the time requirements to timely serve summons under Rule 4(m). Further, Judge Cerezo admonished Adult Plaintiff that she had not followed proper procedure in attempting to file an amended complaint.

After one improper filing, Plaintiffs successfully filed their *Complaint* (the DRD Complaint) in the instant action on November 6, 2006 (Docket No. 3). In the DRD Complaint, Plaintiffs included all Plaintiffs' state tort claims, along with Adult Plaintiff's § 1983 action, for which federal question jurisdiction was invoked. At that time, Plaintiffs failed to notify the Court that this was the second action filed in the U.S. District Court regarding the § 1983 claim. The first mention of the prior case came in Plaintiffs' *Opposition to Motion to Dismiss* (Docket No. 7). Likewise, Plaintiffs failed to mention either the administrative claim or the letter that they currently allege acted to toll the statute of limitations in the instant case until they filed their *Motion in Compliance with Court Order Dated October 7, 2009* (Docket No. 25).

---

**1.** Adult Plaintiff alleges that, on the night in question, a police officer stopped Adult Plaintiff's vehicle after she failed to pull over when Officer Jimenez signaled her to stop. Plaintiff alleges that, once she was taken back to Officer Jimenez, he detained her and threw her against her vehicle. Adult Plaintiff was then was then further detained and taken to a police station.

**2.** The DRD Complaint is nearly identical to the CCC Complaint, except that it includes the tort claims of Adult Plaintiff's minor children, which arise under Puerto Rican tort law.

On April 20, 2007, the Court granted Plaintiffs' *Motion Requesting Order to Stay Proceedings Pursuant to the Soldiers and Sailors Civil Relief Act* as Defendant Wilfredo Jimenez Ramos was at that time serving in Iraq, instructing Plaintiffs to revisit the matter on April 20, 2008 (Docket No. 13). On May 29, 2009, after Plaintiffs failed to revisit the matter, the Court ordered Plaintiffs to inform the Court as to the status of the case on or before June 6, 2008 (Docket No. 15). Plaintiffs failed to respond to this order, and on June 17, 2009, the Court again ordered them to inform the Court as to the status of the case (Docket No. 16). This time, Plaintiffs informed the Court that Defendant Jimenez Ramos had returned from Iraq and could now be served with process.

■ On September 30, 2009, the Court once again ordered that Plaintiffs inform the Court as to the status of the instant case, and Plaintiffs responded that they would serve process on Defendant Jimenez Ramos once he returned from vacation. (Docket Nos. 22 & 23). Following Plaintiffs' response, on October 7, 2009, the Court also ordered Plaintiffs to show cause for why the instant case should not be dismissed for being time barred.[3] (Docket No. 24) Plaintiffs' response cited the Dismissed CCC Complaint, an administrative action, and a letter as reasons why the statute of limitations was tolled and, therefore, why Adult Plaintiff's § 1983 claim, which provides this Court with jurisdiction to entertain the instant complaint, was not time barred (Docket No. 25). The Court addresses below the controversy relating to the statute of limitations.

## II. TOLLING

■ It is well-settled that civil rights claims, including § 1983 claims, borrow the forum state's statute of limitations period. *See Moran Vega v. Cruz Burgos,* 537 F.3d 14, 21 (1st Cir.2008); *see also Santana–Castro v. Toledo–Davila,* 579 F.3d 109, 114 (1st Cir.2009). Thus, the appropriate limitations period for § 1983 claims brought in Puerto Rico is the one year period which governs tort actions under Articles 1802 and 1803 of the Puerto Rico Civil Code. *Sanjurjo Santiago v. Metro. Bus Auth.,* No. 09–1268, 2009 WL 1935848 at *4 (D.P.R. June 30, 2009); *see also Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 96 (1st Cir.2004).

■ The date of accrual, however, is a question governed by federal law. *Calero–Colon v. Betancourt–Lebron,* 68 F.3d 1, 3 (1st Cir.1995); *see also Garcia Rodriguez v. Laboy,* 598 F.Supp.2d 186, 193 (D.P.R. 2008) (citing *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997)). Thus, "[t]he one-year statute of limitations begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury." *Laboy,* 598 F.Supp.2d at 193 (internal quotation omitted)(quoting *Benitez–Pons v. Commonwealth of Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998)). Knowledge of injury is imputed to the plaintiff when he has notice of both the injury itself and who caused it. *Torres v. E.I. Dupont,* 219 F.3d 13, 18 (1st Cir.2000).

■ Article 1873 of the Civil Code provides three ways by which the prescriptive period may be interrupted to toll the statute of limitations. *Tokyo Marine and*

---

3. The Court possesses the power to dismiss a time-barred claim *sua sponte* where the Court estimates that the plaintiff may not prevail, even by amending the complaint. *See Garcia Rodriguez v. Laboy,* 598 F.Supp.2d 186, 196 (2008). Nevertheless, acting out of an abundance of caution in the instant case, the Court entered an order to show cause before dismissing the case.

*Fire Ins. Co. v. Perez & Cia De Puerto Rico, Inc.*, 142 F.3d 1, 4 (1st Cir.1998). This may be accomplished (1) "by the institution of an action[4] before the courts[;]" (2) "by extrajudicial claim of the creditor[;] and" (3) "by any act of acknowledgment of the debt by the debtor." *Id.* (quoting Civil Code of Puerto Rico, 31 L.P.R.A. § 5303)(internal quotation omitted).

■ In order for an extrajudicial claim, such as an administrative action or extrajudicial letter, to toll the limitations period, three requirements must be met:

> The claim must be made by the holder of the substantive right (or his legal representative), ... it must be addressed to the debtor or passive subject of the right, not to a third party, ... and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit.

*Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 44 (1st Cir.1990); *see Moran Vega*, 537 F.3d at 21 (extrajudicial claims include administrative actions); *see also Santana–Castro v. Toledo–Davila*, 579 F.3d 109, 114 (1st Cir.2009) (extrajudicial claims include extrajudicial letters).

■ An extrajudicial letter will only toll the statute of limitations where the letter is "identical to [the] subsequently filed complaint." *Santana–Castro*, 579 F.3d at 114. The claim letter must seek the same relief as the subsequent complaint, the causes of action in each must be based on the same substantive claims and the claims

must be asserted against the same defendants in each. *Id.* Thus, the statute of limitations is not tolled where new defendants are added. *See id.*

■ Similarly, an administrative claim will only toll the limitations period where it "puts forth an identical cause of action." *Moran Vega*, 537 F.3d at 21 (internal quotation omitted). Additionally, the "relief sought ... [must be] the same as that later sought in court." *Valentin–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 101 (1st Cir.2006); *see also Moran Vega*, 537 F.3d at 21.

Thus, the requirements for tolling the statute of limitations with an extrajudicial claim are strict. *Rodriguez Narvaez*, 895 F.2d at 43; *see also Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 58 (1st Cir. 1998) ("equitable tolling is reserved for exceptional cases"). Courts should interpret tolling provisions "restrictively against the party invoking their protection." *Nieves–Vega v. Ortiz–Quinones*, 443 F.3d 134, 137 (1st Cir.2006) (internal quotation omitted).

■ Generally, under Puerto Rican law, "the filing of a judicial action tolls the statute of limitations and, if the action is dismissed *without prejudice*,[5] the limitations period is reset and starts to run again from that date." *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 408 (1st Cir.2009). However, applying this restart

---

4. Under Puerto Rican law, the filing of a complaint and not the service of summons tolls the statute of limitations. *Duran Cepeda v. Morales Lebron*, 12 P.R. 776, 112 D.P.R. 623 (P.R.1982). Further, "[i]n order for a previously filed judicial action to toll the statute of limitations as to a later filed complaint, the second complaint must assert a cause of action identical to the one in the first." *Laboy*, 598 F.Supp.2d at 195.

5. "Black's Law Dictionary (7th ed.1999) defines 'dismissed without prejudice' as 'removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim,' and defines 'dismissal without prejudice' as 'a dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period.'" *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (internal citations omitted).

rule [6] to cases where plaintiffs' actions are dismissed without prejudice because of a procedural failure may "be in tension with common law and equitable principles under which an involuntary dismissal made without prejudice but as a sanction does not toll the statute of limitations." *Id.* As a result, the First Circuit has found that the restart rule may not apply in cases "where a dismissal without prejudice was imposed specifically as a sanction." *Lopez–Gonzalez v. Municipality of Comerio,* 404 F.3d 548, 555 (1st Cir.2005). Further, this District has already "refused to apply restart tolling at the termination of an action where dismissal was ordered pursuant to Fed.R.Civ.P. 4(m)." *Sanjurjo Santiago,* 2009 WL 1935848 at *4 (citing *Laboy,* 598 F.Supp.2d at 196).

The Court begins its tolling analysis with the previously filed case, the CCC Case. The incident that gives rise to both the CCC Case and the DRD Case occurred on April 12, 2005. The Dismissed CCC Complaint was filed on April 11, 2006 and dismissed on August 22, 2006. The DRD Complaint was filed on November 6, 2006.[7] The two pleadings were substantially identical, other than the inclusion of Minor Plaintiffs' tort claims, and it is uncontested that the Dismissed CCC Complaint tolled and subsequently restarted the statute of limitations under the applicable Puerto Rican law. *See e.g. Laboy,* 598 F.Supp.2d at 195.

However, the time period remaining in the original statute of limitations period upon dismissal of the Dismissed CCC Complaint was but a few days,[8] a time-period substantially smaller than the several months that passed between the dismissal of the Dismissed CCC Complaint and the filing of the DRD Complaint. As a result, if the Court finds that dismissal of the CCC Case did not trigger the restart rule to reset the tolling period back to the original one year period, the instant § 1983 claim is time-barred. If Adult Plaintiff's § 1983 claim is time-barred, this Court will not entertain Plaintiffs' supplemental tort claims that arise exclusively

---

**6.** As explained by the First Circuit, under the Puerto Rican civil restart tolling rule, "the institution of an action in court is commonly held not only to **interrupt the running of the applicable statute of limitations** but, at least in the event of a voluntary or usual non-prejudicial dismissal of the original action, to cause the entire limitations period to run anew from the date the previous action came to a definite end." *Lopez–Gonzalez v. Municipality of Comerio,* 404 F.3d 548, 553 (1st Cir.2005) (emphasis ours). Thus, it is this Court's understanding that, in a § 1983 action brought in Puerto Rico, if the restart rule does not apply, the termination of a case which has otherwise tolled the statute of limitations serves to cease the interruption of the statute of limitations, restarting it at the point where it stood at the institution of the original action. In this manner, the Court reconciles traditional tolling principles with the Puerto Rican restart rule.

**7.** Plaintiffs first attempted to file a complaint in the DRD Case on October 19, 2006. This docket entry was deemed to have been filed in error as the PDF was not identical to the hard copy of the complaint. Accordingly, the Court finds that the complaint of November 6, 2006 does not relate back to the October 19, 2006 entry. Regardless, even if the Court were to allow the November 6, 2006 complaint to relate back to the October 19, 2006 entry, the claim would still be fatally time-barred for the reasons analyzed in the body of this Opinion.

**8.** In the instant case, the statute of limitations began to run on April 13, 2005, the day following the incident. As the first *Complaint* was filed on April 11, 2006, two days remained at that time for Plaintiffs to file a claim before the statute of limitations expired. *See e.g. Lopez–Gonzalez,* 404 F.3d at 552 (finding that between three days to five months remained under the statute of limitations for plaintiffs in that case at the time when the first complaint was filed).

under state law. *See e.g.* 28 U.S.C.A. § 1367(a); *see also Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1176 (1st Cir.1995).

■ Here, Adult Plaintiff's first case was dismissed without prejudice for failure to properly serve Defendants. At that time, Adult Plaintiff's excuse to the Court for this failure was that she wished to amend her complaint. In its response, the Court reprimanded Adult Plaintiff for her failure to follow proper procedure and affirmed that Adult Plaintiff had provided no excusable reason for her failure to timely serve Defendants under Rule 4(m). No appeal was taken from the imposed sanction of dismissal without prejudice in the CCC Case.

In cases, such as the instant one, where a plaintiff fails to follow the procedure set forth in the Federal Rules of Civil Procedure, it "hardly seem[s] equitable to reward [plaintiff] for [her] lack of due diligence" by applying the restart rule to reset the tolling period. *See e.g. Rodriguez,* 570 F.3d at 409 (distinguishing § 1983 claim from a pure question of Puerto Rican tort law for purposes of allowing or denying application of the restart rule). Accordingly, this Court finds that the dismissal of Adult Plaintiff's prior claim for failure to comply with Rule 4(m) constituted the type of sanction which does not invoke the restart rule to begin anew the statute of limitations period in a § 1983 claim brought in Puerto Rico. *See e.g. Sanjurjo Santiago,* 2009 WL 1935848 at *5. Thus, as the dismissal of the CCC Case did not act to reset the limitations period for Plaintiffs' claim, and although the CCC

Case was dismissed without prejudice, the statute of limitations for the claim had expired before Plaintiffs refiled their claims in the instant action. *See e.g. Lopez–Gonzalez,* 404 F.3d at 552 (finding that, where the time period remaining in the statute of limitations when the original complaint was filed was less than the time between dismissal of the original complaint and filing of the complaint in the second action, the second action would be dismissed as time-barred unless the restart rule applied). Therefore, as the incident giving rise to the claim [9] occurred on April 12, 2005, and as the Dismissed CCC Complaint was filed on April 11, 2006 and dismissed August 22, 2006, this Court will find that the § 1983 claim that provides the Court with subject matter jurisdiction in the instant case was time-barred when the DRD Complaint was filed on November 6, 2006 as only two days remained in the limitations period unless another tolling event had occurred.

■ Additionally, the Court finds that Plaintiffs have not met their burden to show that either the extrajudicial letter or the administrative proceedings acted to toll the statute of limitations prior to the filing of the first case with this Court. Although Plaintiffs filed a Spanish language letter dated October 24, 2005 [10] as the sole exhibit to their *Motion in Compliance with Court Order Dated October 7, 2009,* they made no showing that this letter was ever sent to the intended recipient. Furthermore, the intended recipient was Pedro A. Toledo Davila, Superintendent of the Police of Puerto Rico, not the current Defendant, Wilfredo Jimenez Ramos. Thus, Defendant Jimenez Ramos was not

---

**9.** The date of accrual in the instant case is the same as the date of the alleged incident as Adult Plaintiff had both knowledge of her injury and who caused it at the time of the incident.

**10.** On October 29, 2009, at Plaintiffs' request, the Court granted Plaintiffs an extension of time to file a translation of the letter. (Docket No. 28). Plaintiffs have failed to file the requested translation.

put on notice of the letter's contents. *See Santana–Castro*, 579 F.3d at 116 (stating that the First Circuit is not aware of any case where "subordinate officers are held to be on constructive notice of claims made against them in an extrajudicial letter to a supervising officer"). As a result, Plaintiffs' averment that the letter tolled the statute of limitations fails as it did not include the same defendants as the most recent *Complaint. See Santana–Castro*, 579 F.3d at 114.

Furthermore, as Plaintiffs never filed a translation of this letter with the Court, the Court can not consider the contents of the letter to find that it tolled the statute of limitations. *See Estades–Negroni v. Assoc. Corp. Of N.Am.*, 359 F.3d 1, 2 (1st Cir.2004) (holding that Spanish language documents MUST be translated into English to become part of the record or be considered during the pre-trial process). In their motion, Plaintiffs fail to even allege that the letter sought the same relief or dealt with the same claims as the instant case. Plaintiffs merely allege that the administrative complaint and the letter "relat[ed] to the same nucleus of facts which give rise to the present complaint." This allegation, standing alone, is insufficient to show that the letter tolled the statute of limitations. With the information provided, the Court can not begin to perform its analysis of whether the letter and the complaint were identical. Thus, the Court must find that the extrajudicial letter did not act to toll the statute of limitations in the instant case as to Adult Plaintiff's § 1983 claim.

■ Finally, although Plaintiffs allege that they brought an administrative complaint against Defendant, they fail entirely to provide any further information regarding the matter, other than a complaint number. Plaintiffs fail to even allege that the administrative claim put forth an identical cause of action as the instant claim or that the relief sought in the two claims is the same. Thus, the Court can not find that Plaintiffs tolled the statute of limitations when they filed the administrative complaint as to Adult Plaintiff's § 1983 claim.

## III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have failed to show cause for why the § 1983 claim should not be dismissed as time-barred. Plaintiffs failed to show that either the extrajudicial letter or the administrative action tolled the statute of limitations in the instant case. Further, although Adult Plaintiff's first case regarding this claim was dismissed without prejudice, the Court finds that the restart rule should not be invoked here to reset the statute of limitations as such an outcome would offend common law and equitable principles in a § 1983 federal civil rights claim. Accordingly, the Court finds that Adult Plaintiff's claims are time-barred. Thus, Adult Plaintiff's case is **DISMISSED WITH PREJUDICE.** The Court **DISMISSES WITHOUT PREJUDICE** the tort claims of Minor Plaintiffs that joined Adult Plaintiff's claim under supplemental jurisdiction.[11]

11. The Court also expresses its sincere doubts here regarding the appropriateness of filing Minor Plaintiffs' claims in this court because, in order for the Court to exercise supplemental jurisdiction over such state law claims where diversity is not claimed, it must exercise federal question jurisdiction over a claim pertaining to Minor Plaintiffs first. *See e.g.*

*Rodriguez v. Doral Mortgage Corp.*, 57 F.3d at 1176 (finding that supplemental jurisdiction should only be exercised where a common nucleus of fact connects *an individual plaintiff's* claims so that he or she could expect to try them in a single judicial proceeding). Here, because Minor Plaintiffs' claims arise solely under state law and, unlike Adult Plain-

In this manner, the Court preserves Minor Plaintiffs' claims, enabling them to pursue these claims at their discretion in the appropriate state court.

**IT IS SO ORDERED.**

tiff's claims, do not include a § 1983 claim providing federal question jurisdiction, the Court does not find the prerequisite original jurisdiction to exercise supplemental jurisdiction over Minor Plaintiffs' claims.